UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and its Trustees: ANTHONY M. PERRONE, WILLIAM T. MCDONOUGH, DAVID BLITZSTEIN, ROGER ROBINSON, KENNETH R. BOYD, BRIAN A. PETRONELLA, WALTER B. BLAKE, WILLIAM M. VAUGHN, III, RICHARD A. MANKA ROBERT J. FLACKE, STEPHEN T. BROWN, RICHARD D. COX<br><br>P.O. Box 11102<br>Chicago, Illinois<br>60611-0102<br>     Plaintiffs,<br><br>v.<br><br>STRATFORD NURSING & CONVALESCENT CENTER<br><br>18 W. Laurel Road<br>Stratford, NJ 08084<br><br>     Defendant.<br><br>Serve:<br> Stratford Nursing & Convalescent Center<br> c/o Louis Neiman<br> 18 W. Laurel Road<br> Stratford, NJ 08084 | FILED: SEPTEMBER 2, 2008<br>08CV4970<br>JUDGE COAR<br>MAGISTRATE JUDGE NOLAN<br>EDA<br><br><br>Case No._____ |

## COMPLAINT

Plaintiffs, by counsel, hereby complain of Stratford Nursing & Convalescent Center (hereinafter referred to as "Defendant") as follows:

1

### Jurisdiction and Venue

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. §§ 1331 and 1337 (federal questions and commerce) and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(e)(1), and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

### Parties and Background

3. Plaintiff United Food and Commercial Workers International Union-Industry Pension Fund ("Fund") is a multi-employer employee benefit plan within the meaning of Section 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).

4. Plaintiffs Anthony M. Perrone, William T. McDonough, David S. Blitzstein, Brian A. Petronella, Roger Robinson, Kenneth R. Boyd, Walter B. Blake, William M. Vaughn, III, Stephen T. Brown, Robert J. Flacke, Richard A. Manka, and Richard D. Cox are Trustees of the Fund. The Trustees are fiduciaries of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Fund is administered in Chicago, Illinois. The Trustees bring this action on behalf of the Fund and its participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, and Section 301 of the LMRA, 29 U.S.C. § 185.

5. On information and belief, the Defendant is incorporated in the State of New Jersey and, at all times relevant hereto, maintained its principal place of business at 18 W. Laurel Road, Stratford, New Jersey, 08084.

6. The Defendant and the United Food and Commercial Workers Union Local 815S are now and have been at all times pertinent to this action parties to a collective bargaining agreement ("Agreement") obligating the Defendant to make monthly payments to the Plaintiff Fund for any and all employees covered by the Agreement.

7. For the period of December 2007 through June 2008, the Defendant failed to pay the Fund the sum of $13,906.00 in required contributions owed under the terms of the Agreement.

8. Liquidated damages of 20% of the delinquent amount described in Paragraph 7 are owed as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2) in the amount of $2,781.20.

9. Interest on the unpaid contributions described in Paragraphs 7 is accruing from the date due and continuing until payment is received.

10. Unless ordered by this Court, the Defendant will continue to refuse to timely file remittance reports and to timely pay the Fund the amounts owed.

11. The Defendant is indebted to the Fund in the minimum amount of $16,687.20, plus interest.

## Count I

### Violations of ERISA

12. Plaintiffs incorporate Paragraphs 1 through 11 as if stated herein.

13. By the foregoing conduct, the Defendant violated Section 515 of ERISA, 29 U.S.C. § 1145.

WHEREFORE, Plaintiffs pray that the Court;

A. Order the Defendant to pay to the Fund:

    (1)    the sum of all delinquent payments;

    (2)    interest on all amounts due, from the dates they became due and owing as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

    (3)    attorneys' fees and other costs and disbursements in this action as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2);

    (4)    the greater of interest on the delinquent amounts or liquidated damages of 20% of the delinquent amount as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2); and

    (5)    additional amounts which may become delinquent during the pendency of this action or which become ascertainable based on the Fund's review of the Defendant's employment records.

B.    Restrain and enjoin the Defendant, its officers, agents, servants, attorneys, successors, assigns, and all persons acting on its behalf or in conjunction with it from:

    (1)    refusing to timely file remittance reports due the Fund for all periods for which the Defendant is obligated to file such reports under the terms of a collective bargaining agreement; or

    (2)    failing or refusing to pay to the Plaintiffs all amounts, including contributions, late fees, interest, liquidated damages, and costs due to the Trust for which the Defendant is obligated to make payments under the terms of the Agreement;

C.    Retain jurisdiction of this case pending compliance with its Orders, and

D.    Grant such other and further relief as the Court may deem just.

Dated: Aug. 25, 2008

Respectfully submitted,

*[signature]*

Jeffrey S. Endick, Esq. (Bar No. 4133661)
Christopher J. Schulte, Esq.
Slevin & Hart, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, D.C. 20036
(202) 797-8700

*[signature]*

Sherrie E. Voyles, Esq. (Bar No. 06242386)
Jacobs, Burns, Orlove, Stanton & Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, IL 60603
(312) 327-3444

Counsel for Plaintiffs

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

130360